PAGES #
1-29
PAGES



1

2　Mr. Jimmie Stephen
　　C-56483
3　P.O. Box 8101
　　San Luis Obispo, CA 93409

4

5

6　　　　　　　　　Court of United States Dist.
7　　　　　　　State of California-Northern

8

9　　　　　　　　　　　　　　　CASE # C08-744JW

10　　　　　　　　　　　　　　07-6379JW

11

12

13　JIMMIE STEPHEN
　　　　　Plaintiff
14　　　　　　　　　　　1.. REQUEST FOR "ORDER" to "STAY"
15　　　　　v　　　　　　　　"TRANSFER OF VENUE" IN
16　　　　　　　　　　　　　"NORTHERN" DISTRICT OF
17　DR. "HOXIE"　　　　　U.S. DISTRICT COURT.
18　et al DEFENDANTS　　　　UNDER 28 USC. 1404-A".
19　　　　　　　　　2.. IMMINENT DANGER" "SERIOUS"
20　　　　　　　　　　PHYSICAL INJURY. 28 USC. 1915.

21　　Plaintiff JIMMIE STEPHEN HEREBY REQUEST
22 by "ORDER" for "STAY" of "TRANSFER" of "VENUE" IN another
23 District from Stated court WHEREAS "ORIGINALLY FILED"
24 IN U.S.D.C. "NORTHERN" State of California..
25　　　　IN the "INTEREST OF JUSTICE" UNDER "1404-A"
26 for "CONVENIENCE of "PARTIES" AND "WITNESSES"..
27　　　　"DAHLBERG U HARRIS" 916.f2d, 443 (8th 1990) 1404-A
28　　　　"BIGGS U TELHUNE" 334. f3d, 910 (9th 2004) VENUES
　　　　　"IN RE AP to JUSTICES" 117. B.L. 789 (SN D 1990)..
PAGE # 16-29..　"ORDERS" AVAILABLE EVEN AND "VENUE"..
　　　　　　　　　　　　　　　EXHIBITS PAGE # 4-29..

"Court"                    Pages # 3B-C a D..

"Factors to be Considered"
in Determining whether
"Interest of Justice" favor
"Transfer of Venue"..

                              Pages # 4-29..

A..   Plaintiff states based upon entire "Yard Closure"
at RT Donovan from Level 3 to "Sensitive Need" Yard
of 12-1-06 Plaintiff "Witnesses" were mostly "Transferred"
to "Northern" California and "Eastern" District..

                              Pages # 3B-C a D..

B..   "Cost of Attendance" of "Willing, unwilling Witnesses
at trial and "Service of Process" Providing for
more convenient forum to Place Plaintiff on same
footage as Defendants.. to Prevent waste of time
energy, money, and Protection against unnecessary
Inconvenience and Expense. Page # 16 a 29..
      As well as "Distance between" Defendants "Retaliation"..

C...  "Greater" Access to "Source of Proof" Protection for
Litigants, Witnesses and the Public, will prejudice to Plaintiff
as USNL-Southern court are "Abusive"..

D..   "Accessibility" of Premises involved in litigation
including Retaliatory misbehavior in Pursuing Complaint..
as shown in Exhibits # 4-29.. willful miscarriage of Justice.

E..   "Relative Congestion" of "court docket" and

      "Bounds v Smith" 430. US. 817 (1977). Access to court.
      "Ashker v Alworth" 147. f.3d, 715 (8th, 1998)
      "Imminent Danger Exception." Pages # 4-29..
      "Physical Serious Injure: 2

"Southern District Courts"
"Abuse" in this Case...
by "willful Abuse".
Prospects of Trial...   Pages # 4-2a.

"Van Dusen v Barrack" 376. US. 612 (1964)..
Transfer at Case Proper where wrong "Venue"..
under Judges "Discretion"..
as "28 USC. 1406" Permits "Transfer of Cases"
Having "Proper Venue" but Lacking Personal Juris-
diction over Defendants..

It is "Abuse of Discretion" under "1406" to Dismiss
Case Instead of "Transfer to Proper Venue".
"Negative Influence" by Defendants on Southern
District Courts mandate "Transfer of Venue"..
where "Venue" was laid in "wrong court" Transfer
to Proper District in "Interest of Justice" under 28
USC. 1406-A was within "Discretion of District".
"Mosley v Nationwide" 485. f2d. 418 (1973)..
                        Pages # 4-2a.

          "Relief Requested"

1.. "Stay" of "Complaint" "Transfer" in "Interest of
    Justice" under 1404..
2.. "Request Granting" "Right to Proceed" forthwith in
    U.S. D.C. Northern..
3.. Any other Relief by this Court..
        True against fraud in Perjury
Date 2-13-08                Signature [signature]

              3

"Failure to Protect"

EXHIBIT # 1

Courts of "United States District Southern" - San Diego California Has A "Pattern" of "Misconduct" Abuse and "Unecessary Convenience" to Plaintiff Stephen "Ongoing".

the "9th Circuit" court of Appeal "Vacated and Remanded" complaint for "Deliberate Indifference for Serious Medical" need at 1-11-95..

On 4-28-95 Plaintiff was willfully "Retaliation, and Assaulted" by Guards and set up to be "Murdered" on 6-12-95 and 6-13-95.. for "Acess to Courts and the "Vacate and Remand" "Ongoing Inconvenience"
SEE PAGES 9, 10, 11, 12 d13..

Upon "Stay of Transfer" is Requested based "Interest of Justice" As Well as "Ongoing" "Miscarriage of Justice".
                                    3A

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMIE EARL STEPHEN,                    )    No. 94-56041
                                        )
            Plaintiff-Appellant,        )    D.C. No. CV-94-932-JNK
                                        )
      v.                                )
                                        )
K. W. PRUNTY, Chief Deputy Warden,      )    MEMORANDUM*
et al.,                                 )
            Defendants-Appellees.       )
                                        )
_____)

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:  SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se
the district court's order dismissing on res judicata grounds his
42 U.S.C. § 1983 action alleging medical indifference to serious
medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

In his complaint, Stephen alleged that prison officials and
medical staff deprived him of "any and all medical necessities of
life by their wrongdoings as to their actions from 3-3-94 and
ongoing."  The district court dismissed the complaint on res

---

*     This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

**    The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

3B

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

3C

the injuries involved in his prior action, the district court

erred by dismissing Stephen's action on res judicata grounds.  <u>See</u>

<u>id.</u>[1]

    **VACATED and REMANDED.**



---

1/   We deny Stephen's motion to consolidate this case with Appeal
Nos. 94-55626 and 94-55655.

- 3 -

3D

"Courts" INTEREST OF JUSTICE"
COMPLAINTS ETC...
AND "WILLFUL INDICATE"
ON U.S.A.C. SOUTHERN COURTS..

EXHIBIT #II..

PAGE #4&5- COPY OF CONTEMPTURE APPLIANCES AND DIRECTOR
"ORDER" NOT TO CONTEMPTURE..

PAGE #6- MURDER OF JOHN YANG OF 12-28-04..

PAGE #7&8- ASSAULT ON PLAINTIFF OF 4-28-95..

(ACCURSED) PAGE #9- ATTEMPTED THREAT ON PLAINTIFF LIFE OF 6-12-95..WILLFUL..

(DISMISSED) PAGE #10- WILLFUL "ATTEMPT" ON PLAINTIFF LIFE OF 6-13-95 BY EVANS
INFORMANT..

(DISMISSED) PAGE #11- ALLEGED STALKING ON MISS BELTON OF 8-4-05..

(DISMISSED) PAGE #12- WILLFUL ASSAULT ON PLAINTIFF LIFE OF 9-28-06..

(DISMISSED) PAGE #13- WILLFUL FALSE CHARGES OF THREATING OFFICER OF 11-27-05

PAGE #14- TB TEST BEFORE ARRIVAL AT DONOVAL 9-16-03..

PAGE #15- TB TEST OF 5-1-05..INFECTION ON PLAINTIFF..

PAGE #16- PRISONERS AT DONOVAN TESTED POSITIVE FOR TB..7-100S

PAGE #17&18- REQUEST FOR SENATE INVESTIGATION OF 6-12-06
AS TO VENTILATION SYSTEM AT DONOVAN..INFECTION
ALLEGED SOURCE AND OTHER DEFECTS..

PAGE #19- WILLFULLY DENIED OF LIBRARY AGAINST RULES OF 12-20-04
TO 5-1-05..

PAGE #20- WITNESSES WHOM ARE WILLING TO COME AND
TESTIFY AT TRIAL AS TO CONSTITUTIONAL VIOLATIONS..

"ACTS SHOW A "PATTERN OF MISCONDUCT" ONLY OCCUR IN
SOUTHERN DISTRICT COURTS..WHEN I SPENT 3-E
4 YEARS IN PELICAN BAY FROM 1996 TO 2000..

DATE:                    October 17, 2003

NAME:                    Stephen, J

CDC #:                   C-56483

APPEAL LOG #             03-1222

APPEAL DECISION:         DENIED                    <u>SECOND LEVEL REVIEW</u>

**APPEAL ISSUE:**        You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing. Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**     Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222. In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF. I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal. Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the <u>TV</u>, <u>radio</u> and <u>CD player</u>, donating the TV, radio and CD player to the State, or having them destroyed. This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions. The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect. Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance. Additionally, the RJDCF policy has previously been upheld in a court of law. The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

State of California                                                                    Department of Correction

# Memorandum



Date : September 19, 2002

To : Wardens

Subject : CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:   Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
      George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
      Ana Ramirez-Palmer, Regional Administrator-North
      Suzan L. Hubbard, Regional Administrator-South (A)
      E. Roe, Regional Administrator-Central

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

6

*Arnold Schwarzenegger, Governor*

**RULES VIOLATION REPORT** -44-JW   Document 5   Filed 02/19/2008   Page 12 of 34

DEPARTMENT OF CORRECTION

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DA... | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | D3-123L | 04-95-D08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOU |

CIRCUMSTANCES On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN twisted vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation.                        Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► M. CROFOOT, CORRECTIONAL OFFICER | 5-1-95 | D-YARD C/O #1 | TUE/WED |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► G. ELLIS, PROGRAM SERGEANT | 5-1-95 | 04/28/95 | A5-144U |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D-121-150 | 5/1/95 | LT. C. Butter | ☐ NO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | | 5-5-95 | 2040 | | | | |
| ☑ INCIDENT REPORT LOG NUMBER: CAL-FDY-95-04-0176 | BY: (STAFF'S SIGNATURE) | DATE 5-15-95 | TIME 1820 | | | DATE | TIME |

HEARING   On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d). Witness(es) were requested, and granted.
INMATE PLEA:   The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."
WITNESS STATEMENT: Reporting Employee Correctional Officer M. Crofoot stated:   "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you'. I called the Sergeant. I then started to search. I put my hands on his back. He spun around and I and I tried to take him down and he hit me twice in the right side of my face."
FINDINGS: Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report. In

| REFERRED TO ☐ CLASSIFICATION ☐ BY (Continued on next page) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ACTION BY: (TYPED NAME) G.J. JANDA, CORRECTIONAL LIEUTENANT | | 5/29/95 | 1000 HRS |
| REVIEWED BY (SIGNATURE) ► | DATE 5-30-95 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE A/W (A) | DATE 5/30/9 |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) C/O | 6/1/95 | TIME 13:45 |

6/1/95 DCC Conform 150 days
Loc Probability

CDC 115 (7/88)

7

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STPEHEN | | | CSP/CAL | FA5-144U | D4-95-D-08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| §3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | | D-YARD | 04/28/95 | 0650 HOUR |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with the assault that STEPHENS committed upon him.
DISPOSITION: GUILTY. Inmate STEPHEN was assessed(150 days Loss Of Credits) consistent with a Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations. Senior Hearing Officer recommends retention in Administrative Segregation pending review by the Institutional Classification Committee, and further recommends assessment of appropriate S.H.U. term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | | | | |
| G.J. JANDA, CORRECTIONAL LIEUTENANT | | | ▶ | LT. | 5/29/95 | 1000 HR |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ | | | | | 5/30/95 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) | c/o | DATE | TIME |
| | | | ▶ | | 5/31/95 | 1315 |

CDC 115 (7/88)

8

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL | FA5-121U | 06-A5-95 |
| VIOLATED RULE NO(S) | SPECIFIC ACTS | | | LOCATION | | DATE | TIME |
| #3005(c) FORCE & VIOLENCE | ASSAULT ON INMATE/SHOTS FIRED | | | AD-SEG YARD 2 | 06/12/95 | 1223 HOURS |

**CIRCUMSTANCES**   On Monday, June 12, 1995, at approximately 1223 hours while performing my duties as A5-116U, run toward Inmate STEPHEN, C-56483, A5-121U, and attempt to strike him to the mid-torso area with his right hand, using an underhand stabbing motion, as STEPHEN moved back Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inmate began swinging both their fists, striking each other to the upper torso area. I yelled "Weapon get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with No 264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing motio to his back, before kneeling down on the ground. SMITH, who was standing over PADILLA as he sa on the ground, repeatedly struck PADILLA with his left fist to the facial area. FIERRO the stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off i an aggressive stance. Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

**(CONTINUED)**

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ T. DIAZ, CORRECTIONAL OFFICER | | JUNE 12, 1995 | AD-SEG S & E #1 | Th/F |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | LOC |
| ▶ W. PRICE, CORRECTIONAL SERGEANT | | JUNE 12, 1995 | LT | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | A-1 181-360 | 6/22/95 | | ☐ HO  ☒ SHO  ☐ SC  ☐ |
| ☒ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ▶ | 6/2/95 | 1800 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| Cal-FA5-26-025 | ▶ | 5/28 | 116 | ▶ | | | |

**HEARING**   Inmate STEPHEN stated he was in good heal Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to proc Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.
**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.
**FINDINGS:** Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically, for ASSAULT ON AN INMATE/S FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not substant the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participate in assault. Therefore, the finding of NOT GUILTY.
**DISPOSITION:** This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his rights procedures to appeal this action. He was further informed he would receive a completed copy upon final audit by Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this act thereby constituting the First Level of review for appeal purposes.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | | DATE | TIM |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | | 07/17/95 | |
| K. HOWARD, CORRECTIONAL LIEUTENANT | | K. Howard Lt | | | |
| REVIEWED BY: (SIGNATURE) | | CHIEF DISCIPLINARY OFFICER'S PRINTED NAME | | DATE | TIA |
| ▶ A. TUTT, PROGRAM ADMINISTRATOR | A. Tutt P.A. | 7/19/95 | S. H. GARCIA, ASSOCIATE WARDEN ACW | 7/26/95 | C |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ M. Fisher | | | |

CDC 115 (7/88)

9

Case 3:08-cv-00790-JM-PCL    Document 1-2    Filed 04/28/2008    Page 15 of 25
Case 5:08-cv-00744-JW    Document 5    Filed 02/19/2008    Page 15 of 34
804 TO RECORDS:

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | PA5-121U | 06-A5-95-002 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| #3005(c)-FORCE & VIOLENCE | CELL FIGHT | | CELL A5-121 | 06/13/95 | 1455 hours |

**CIRCUMSTANCES**

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ B. GOEBEL, CORRECTIONAL SGT. | | 06/13/95 | DATE A5-171U | LOC. | |

| CLASSIFIED BY | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | | LT | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|
| | ▶ RC | 6/17/95 0925 | ▶ N/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE TIME | BY: (STAFF'S SIGNATURE) | DATE TIME |
|---|---|---|---|---|
| | ▶ 6/17/95 | | ▶ 6-17-95 | |

**HEARING** On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regards to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who plead, NOT GUILTY.
**STATEMENT OF CHARGED INMATE:** Inmate STEPHEN declined to make a statement.
**FINDINGS:** Inmate STEPHEN was found NOT GUILTY of violating CCR #3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at this hearing, which does not substantiate the charge. This evidence includes: the contents of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his arm around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.
**DISPOSITION:** NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.
INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE TIME |
|---|---|---|
| G.D. SUMPTER, CORRECTIONAL LIEUTENANT | ▶ | 6/23/95 1005 HR |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | 6/28/95 | ▶ | |

| | | BY: (STAFF'S SIGNATURE) | DATE TIME |
|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | ▶ RC | 7/6/95 1250 |

CDC 115 (7/88)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | F3-13-105U | F3-05-410 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | DISMISS | Unit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCGMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R.J VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | LOC. |
|---|---|---|---|
| J. N. CLARKE, Sergeant | 8-16-05 | 08/09/05 | F2-06-118L |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ADMINISTRATIVE / SERIOUS | E (1) | 9-16-05 | J.W. DRESBACH, Facility Captain | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | | 8/16/05 1210 | | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

Inmate issued copies of copies of all documents, including envelopes, signatures, etc;
this date: 9-13-05   Issued by: _____   Time: 1100 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3 INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration. WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which endangers another person), based on:
1. The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she did

HEARING CONTINUED ON PART-C   page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) R.J SHELAR, Lieutenant | | | 9-15-05 | 1940 |
| REVIEWED BY: (SIGNATURE) J. W. DRESBACH, Facility Captain | DATE 9-20-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE B. OLIVERO, Associate Warden | DATE 9-26-05 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE 9-26-05 | TIME 1710 |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT** REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | LIFE | RJDCF | F3-15-136U | F3-06-57 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | BATTERY ON A NON-PEACE OFFICER REQUIRING USE OF FORCE | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ..

(CIRCUMSTANCES CONTINUE) PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | DATE | LOC. |
|---|---|---|---|---|
| ▶ | 10-12-06 | | 9-29-06 | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | "B" | 10-13-06 | ▶ G. PEDERSON Facility 3 Captain (A) | ☐ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 10-18-06 | 1050 | |
| ☐ INCIDENT REPORT LOG NUMBER: 0592 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR Log# F3-06-574.  MH:DS: CCCMS, and no CDC-115X was processed.  The hearing was held in Administrative Segregation.
SA was not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not comple GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
DA REFERRAL: Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C, 24 hours prior to this hearing.  The inmate received his first copy of the RVR within 15 days of discovery and the hearing was not held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
IE waived by the inmate as noted by the inmate's signature on the 115A.
WITNESSES: Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
I/M PLED: NOT GUILTY, stating, "I did not do anything."

HEARING CONTINUES ON PART-C page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) E. Garza, Lieutenant | SIGNATURE ▶ | | DATE 1/14/07 | TIME 182 |
| REVIEWED BY: (SIGNATURE) ▶ E. Marrero, Facility Captain | DATE 1-16-07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ E. Contreras, Associate Warden | DATE 1/16/07 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

604 TO RECORDS BY: _____ DATE: _____ P.F. No.: _____

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | RJDCF | F3-14-129U | F3-05- |
| VIOLATED RULE NO(S) | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| IR 3005(c) FORCE & VIOLENCE | THREATENING STAFF | | F3 H/U#14 | 11-27-05 | 1945 hrs. |

**CIRCUMSTANCES**
On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1945 hour unlock, I notified I/M STEPHEN, J.,C-56483,F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me,"that was stupid." I then clarified with him what my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how was I messing with you, If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-p Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, C1-A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an aggressive manner. I notified Program Sgt F. Delatorre who arrived and placed I/M STEPHEN in handcuffs and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

| MSDS: | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| REPORTING EMPLOYEE (Typed Name and Signature) ► M. Espinoza, Correctional Officer | | 11-28-05 | H/U #14 Floor Officer | |
| REVIEWING SUPERVISOR'S SIGNATURE ► F. Delatorre, Sergeant | | DATE 11/28/05 | ☐ INMATE SEGREGATED PENDING HEARING  DATE 11-27-05 | LOC. |
| CLASSIFIED ☐ ADMINISTRATIVE ☐ SERIOUS | OFFENSE DIVISION D 12 | DATE | CLASSIFIED (Typed Name and Signature) ► A. Bracamonte, Facility Captain | HEARING REFERRED TO ☐ HO ☐ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ► | DATE 11-28-5 | TIME 1445 | TITLE OF SUPPLEMENT 7219 Medical Report | BY: (STAFF'S SIGNATURE) ► | DATE 11/28/5 | TIME 1445 |
|---|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | | BY: (STAFF'S SIGNATURE) ► | DATE | TIME |

**HEARING**
Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SHO) on 12-20-05 at 1035 hours, for hearing of RVR Log #F3-05-668. The hearing was held in Administrative Segregation. MSDS: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A)1,2,3. The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE). The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. IE NOT ASSIGNED. The issues are not complex, however the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO.
WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A.
INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not disrespect him.

HEARING CONTINUED ON PAGE 2   page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) C.P Franco, Lieutenant | | SIGNATURE ► | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ► A. Bracamonte, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► P.A Owen, Associate Warden | | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ► | | DATE 1/20/5 | TIME 1925 |

CDC 115 (7/88)

12.

.E and NUMBER

STEPHEN , JIMMIE

CDC NUMBER.    C56461

CDC 128-C CDC-128-C

R.J. Donovan Correctional Facility
F31300000000105U

## ANNUAL TB CHRONO
### TB SKIN TESTING

**DISTRIBUTION**

CENTRAL FILE:  ☐
MEDICAL FILE:  ☑
INMATE:  ☒

INMATE TB ALERT CODE    21

*Larry Lyle D.O*

L.N. LYLE, D.O., M.S., DIRECTOR, PUBLIC HEALTH @ RJDCF

MEDICAL—PSYCHIATRIC—DENTAL

05-04-2005

'E

14

CDC-128-C

E and NUMBER

CSF489

R. J. Donovan Correctional Facility
P3*3600000000105U

STEPHEN  JIMMIE

## TB CHRONO

### TB SKIN TESTING/ EVALUATION

DISTRIBUTION

CENTRAL FILE: ☐
MEDICAL RECORD: ☐
INMATE: ☒

INMATE TB ALERT CODE    33

*Larry Lyle DO*

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF

MEDICAL—PSYCHIATRIC—DENTAL

05-17-2005

15

## "AFFADAVIT"

I AM A PRISONER AT R.J. DONOVAN CORRECTIONAL FACILITY LOCATED AT 480 ALTA ROAD..SAN DIEGO CALIFORNIA..92179..I UNKNOWINGLY CONTACTED THE "TUBERCULOSIS GERM" WHILE DOING TIME HERE AT R.J.D..THESE TESTS ARE "MANDATORY" REQUIRED AND DONE "YEARLY"..AS A "MUST"..I HAVE NOT "REFUSED" NOR HAVE I "MISSED" A TEST..TO DETERMINE "POSITIVE OR NEGATIVE"..

ON LAST TEST DONE SEVERAL MONTHS AGO "2005"..I TESTED "POSITIVE"..AS AM CONTRIBUTING THE "OVERCROWDING""DENIAL OF ADEQUATE DOCTORS""PROPER SCREENING PROCESS" TO CURTAIL "NEWLY" INFECTED PRISONERS WHOM CARRY THE "CONTAGIOUS T.B."THAT IS SPEAD "AIR BORN"..AS THIS IS "INJURY" WITH "SIDE-EFFECTS"..

TRUE AGAINST FRAUD OR PERJURY

| (NAME) | (SIGNATURE) | (NUMBER) | (HOUSING) |
|---|---|---|---|
| | DATE 7-10-05 | | |

Bynon, Petry    I76352    Bynon Petry    13-149

Jimmie Stephen - Jimmie Johnson - C56483    13-105

Alfred Yancy    Alfred Yancy - V-61195 - 12-230 u.p

Washington, Ahmad    V55965    14-142 Low

Dale E Fails    D-52585    F-3-13-105-L

16

All information on this page must be in the proper spaces.
questions in the proper spaces.

# REQUEST FOR SENATE INVESTIGATION

(SHORT TITLE)
Nicholas Noussias -vs- Robert Hernandez, Warden, Richard J. Donovan Corr. Fac

(Complainant by full name, address, and telephone )
Nicholas Noussias CDCR#D-46818
P.O.Box 799003
San Deigo, Ca 92179-9003

(Complaint directed to a Member of the California State Senate)

Senator (full name and address): Gloria Romero
Joint Committee on Prison Construction and Operations
Attn: Chairperson
State Capitol, Room 400, Sacramento, California 95814-

Place where the complained of issues originate:

City: San Diego          County: San Diego          State: California

Describe the nature of your complaint briefly. You must state facts, not conclusions. Failure to allege sufficient facts will result in the denial of review. A rule of thumb to follow is: who did exactly what, when, and where. (If available, attach declarations, relevant records, court transcripts, or other documents which may support your claims.) Type in single line-space in the area provided below. Use additional pages if necessary.

I am currently incarcerated at the State prison known as the Richard J. Donovan Correctional Facility located in San Diego. I am housed on Facility Three, Building Fifteen. My housing unit consists of one-hundred one-man cells currently housing two men per cell. I am alleging the ventilation system currently in place in my housing unit as well as all other cell housing units in RJDCF are in inadequate for the human needs for which the system was designed. Since my incarceration at R.J.D.C.F., I have been experiencing respiratory difficulty, nose bleeds, etc., which I have not experienced prior to my incarceration at RJDCF. I sent requests to the prison's chief engineer for repair or replacement of the system with no positive results. I can submit physical proof that the ventilation system allows foreign matter into the cells breathed by myself and other prisoners. Utilizing a food server hair net, I have been able to catch the foreign material which partially consists of dead insects, what looks to be black ash, and other unidentifiable foreign material.

17

Explain in what regards this matter should be brought before the State Board.

I believe that in order to correct the inadequate ventilation system, the whole system will have to be rebuilt, possibly with a hepa-filtration type system to insure that the health of the prisoners of RJDCF are protected. Such action will require the appropriation of funds which I believe would be the province of a senate sub-committee on corrections. Moreover, before such funds can be appropriated, an investigation will have to be conducted to determine the veracity of my allegations.

---

Have you brought this complaint to the attention of anyone, or to any officials, office or agency? If yes, please state when, to whom, and to where you brought these concerns, and what, if anything, was done about the issues complained of.

I am attempted to informally resolve this matter by contacting Robert Edwards the Chief Engineer of plant operations at RJDCF with no response. I then instituted an administrative grievance to address this matter. The afore-mentioned documentation is attached hereto. The administrative grievance is currently pending final level of review in Sacramento.

---

The above information must be accompanied with a true (original) signature of the complainant, dated and attested to pursuant to the penalty of perjury, as follows. Complaints submitted which are not signed or dated will not be considered whatsoever.

I, the undersigned say: I am the complainant in this matter. I declare under the penalty of perjury under the laws of the State of California that the foregoing allegations and statements are both true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated this ____12th____ day of ____June____, 2006____, at ____San Diego____, California

Date:

Signature of Complainant

18

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

UNIT/ROOM NUMBER 13-113 UP

NAME Jimmie Stephen   NUMBER C56483   ASSIGNMENT Laundry

A. Describe Problem: On 11-23-04 Mrs E. Simon was told by unknown Lieutenant that Close Custody Prisoners were not to be allowed in Law Library.. as this is a Direct violation of title 15 Art 3377.1-4-B. Which Directly Reverses the actions of this unknown Lieutenant on 11-23-04...

If you need more space, attach one additional sheet. Bounds v Smith 430, US, 817 (1977)

B. Action Requested: "Name" of this Lieutenant.. as Mrs. Simon is an Innocent Party to this Violation of State and possibly federal law..

Inmate/Parolee Signature: Jimmie Stephen   Date Submitted: 11-29-04

C. INFORMAL LEVEL (Date Received: 12-2-04)
Staff Response: LT. CHELAR, THIRD WATCH WATCH COMMANDER INFORMED ME ABOUT THE RULE WHICH IS BEING ENFORCED CURRENTLY. ACCORDING TO THE LEUTENANT, CLOSE CUSTODY INMATES NO LONGER CAN COME TO THE LIBRARY BETWEEN 1700 AND 2000

Staff Signature: Gil Lund   Date Returned to Inmate: 12-2-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Satisfied

Signature: Jimmie Stephen   Date Submitted: 12-6-04
Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

19

"SUPERIOR COURT OF CALIFORNIA"

"DECLARATION"AFFADAVIT"                    8-8-05

I DO SWORE UNDER PENALTY OF PERJURY AND FRAUD THAT THE
STATEMENTS IN THIS DOCUMENT IS TRUE TO BEST OF KNOWLEDGE..I
AM HOUSED AT THE "DONOVAN STATE PRISON" AT:480 ALTA ROAD SAN
DIEGO CALIFORNIA..92179..AND THE "OVERCROWDING" HAS AFFECTED
MY TIME, BY "DENIAL"OF"PRIVILEGES','"RIGHTS" GUARANTEED BY THE
CONSTITUTION.."WEEKEND YARD""SHOWERS" ECT.."RECREATION"..AS
WELL AS "EXERCISE"..MAINLY "WEEKENDS" WHEN GUARDS DO NOT WANT
TO WORK;,SINCE 22-1-05 "ONGOING"..THE "RIGHT TO BE FED" IN
PROPER EATING FACILITY IS DENIED, DEPRIVED..OR ALLOWED THE
"15" MINUTES TO EAT AS REQUIRED BY LAW..THE "OVERCROWDING"
HAS CONTRIBUTED TO "MAIL DELAY""FEEDING DELAY"LAW LIBRARY!
DELAY"DELAY IN CLASSIFICATION"BE SEEN BY COUNSELOR" BUT WHEN
TIME TO GO TO"WORK IN "P.I.A." EVERYTHING IS ON TIME..AS WELL
AS "ADEQUATE MEDICAL""DENTAL".."ONGOING".. SINCE 11-7-04..AS
WELL AS OTHER "ONGOING INJURIES"..
              TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | NUMBER | HOUSING |
|---|---|---|---|
| Jimmie Stephen | Jim Stephen | C5648R3 | 13-105 |
| Eugene S. Williams | E.S. W. | C-28060 | 3-13-210 |
| DONALD HILL | Donald Hill | D-34185 | 3-13-104 |
| Michael Hampton | M. Hampton | P-20233 | 3-13-137 |
| James R. Glover | James R. Glover | K-99017 | F-3-13-130 |
| Ty Richardson | Ty Rich | C-95215 | 13-101 |
| Keith Ervine | Ervine | J-65424 | 3-13-13 |
| Wilson, Michael | | J-84156 | F3-13-108(a) |
| Dale C. Stailer | | D-52585 | F-3-13-105-L |
| Buchareth Conway | | V-27375 | F3-B11-146 |
| JERRY REIBER JR | | P-91779 | 3-13-220 |
| Jones, A. | | E-83779 | 3-13-120 |
| CLARK, G.D. | | E55102 | Fac III-12-24dLowr |
| Harold Orr | | BJ#521 | A-3 u |
| Sonnie Richardson | | P61288 | 12-247 |
| Oliefield J. | | P60841 | Fac 3 |

2D