# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br>CDCR #C-56483,<br><br>                  Plaintiff,<br><br>vs.<br><br>HOXIE, Dr., et al.,<br><br>                  Defendants. | Civil No.   08-0790 JM (PCL)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION PURSUANT TO 28 U.S.C. §§ 84(c)(2), 1391(b) AND 1406(a)** |

      Jimmie Stephen ("Plaintiff"), a prisoner currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California on January 31, 2008.

      On April 10, 2008, the Honorable James Ware noted that the Northern District of California was the improper venue for Plaintiff's claims because his Complaint and its attachments allege that Plaintiff's constitutional rights were violated at CMC by CMC officials.  Because CMC is located in San Luis Obispo, Judge Ware transferred the case to the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(2), 1391(b) and 1406(a), and deferred ruling on Plaintiff's Motions to Proceed *In Forma Pauperis* and his Motion for Leave to File a Supplemental Complaint to the Central District.  *See* Order of Transfer at 2.

1   On April 22, 2008, the Clerk of the Court for the Northern District of California
2 prepared the case for transfer; however, it appears the Clerk mistakenly addressed the file
3 to the Southern District of California, not the Central District.  Upon receipt on April 28,
4 2008, the Clerk of the Southern District of California opened a new civil file and assigned
5 the case to this Court.  However, a review of Judge Ware's Order and Plaintiff's
6 Complaint makes clear that venue *is* proper in the Central District of California, Western
7 Division, but *not* in the Southern District of California.  *See* 28 U.S.C. 84(c)(2), (d);
8 *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (venue may be raised *sua sponte*
9 where the defendant has not filed a responsive pleading and the time for doing so has not
10 yet run); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed
11 a case laying venue in the wrong division or district shall dismiss, or if it be in the
12 interests of justice, transfer such case to any district in or division in which it could have
13 been brought." ).

## Conclusion and Order

15   Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall
16 transfer this case for lack of proper venue, in the interests of justice and for the
17 convenience of all parties, to the docket of the United States District Court for the Central
18 District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), 28 U.S.C. §
19 1391(b) and 28 U.S.C. § 1406(a).[1]

21 DATED:  May 6, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[1] Because this Court finds transfer appropriate, it, like Judge Ware in the Northern District, defers ruling on Plaintiff's Motions to Proceed IFP, and his Motion for leave a supplemental complaint to the Central District [N.D. Cal. Doc. Nos. 2, 6, 7], and expresses no opinion as to whether Plaintiffs' Complaint alleges facts sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A.